OPINION OF THE COURT — BY HIS
HONOR JUDGE CHILD.
These cases are ajípeals from decrees of the superior court of chancery, in the Western District.-
*217 A preliminary question presented for consideration, and agitated in the argument at the bar, will be disposed of in the first place. It arises out of an attempt to introduce newly discovered evidence, on an appeal from a decree of the chancellor.
I am very clearly and decidedly of opinion, that this cannot be admitted, unless under special circumstances, and in no case to vary the aspect of the cause on its substantial merits, from the attitude and proofs exhibited on the hearing before the court below. On an appeal to the King, in Parliament, no new evidence is admitted in the House of Lords, upon any account. This being a distinct jurisdiction, in which it differs very considerably from those instances, wherein the same jurisdiction revises and corrects its own acts, as in re-hearings and bills of review, for it is a practice unknown to the English Law, when a superior court is reviewing the sentence of an inferior, to examine the justice of the former decree by evidence that was never produced below. Permission to file exhibits referred to in bills and answers, and admitted on the hearing below, together with testimony oral or otherwise, to prove their execution, may perhaps form exceptions to this rule. It has also been argued that there is no error in the record, because the superior court of chancery refused a petition for re-hearing, signed by two respectable counsel, and on grounds stated. When a petition of re-hearing is signed by two counsel, such credit is given by the court to their opinion, that the cause ought to be re-heared, — as to order it to be set down. It is discretionary in thp judge, whether he will allow a re-hearing, — -and Lord Thurlow on oné occasion refused it, — but in general the chancellor considers it his duty to re-hear when called upon so to do, to save the expense and delay of an appeal.
I am therefore inclined to the opinion, that no appeal lies from a decision ofthe chancellor on a discretionary /flatter, refusing a petition for rehearing. Upon the merits ofthe controversy, however, as it stood before the chancellor, upon bills, answers, exibits, and depositions, weightier considerations arise. The discrepancy of the answers, particularly in those of James Bosley and Mary Bosley — together with the strange confliction of evidence, and the novel and delicate situation of witnesses and defendants present doubts and difficulties, to my mind almost insurmountable.
Unaccustomed as I am to determine facts, the weight of evidence, to *218 decide upon the credibility of apparently interested witnesses, and to reconcile inconsistencies, I cannot undertake to pronounce a final decree, conclusive on the rights of the parties, with satisfaction to myself, without the intervention of a jury. The decree of the chancellor will therefore be opened, and the cause remanded to the superior court of chancery, with directions, to make up issues to be tried by a jury, before the same court, or the circuit court of Adams county.
1st, Whether there was an agreement between James Hoggatt and James Bosley to reconvey to Bosley the slaves in controversy, purchased by Hoggatt at sheriff’s sale, upon Bosley’s reimbursing the purchase-money? and if so,
2d, Whether the mony has ever been paid ?
Should these issues be found in the affirmative for the complainants— then no further inquiry will be necessary, — but if they should be found in the negative, in favour of the defendants in interest, as such, in that event, the question of notice will become essential.
It is expressly alleged in the complainants amended bill, that they are bona fide mortgages, without notice of Hoggatt’s claim. This is denied by Bosley’s answer, and there is no evidence to support the bill in this respect — this part of Bosley’s answer cannot be considered as matter in evidence, because it is a direct denial of the allegations of the amended bill. Bosley and Hoggatt cannot stand in the immediate relation of vendor and vendee on account of the intervention of the sheriff’s deed, and the case on that account is redeemed from that operation of the rule of law, that an absolute bill of sale where possession does not bona fide follow and accompany the deed, is ipso facto fraudulent and void.
It is therefore further directed, that in the event of the two first issues being found for the defendants, tfaat an issue be made up to be tried by the same jury. Whether at the time of extending the credit, or of the execution of the mortgage deeds in the bills mentioned, the complainants had notice of the claim of James Hoggatt. This will essentially aid and assist the conscience of the court, in settling the question of possession, in all its fraudulent bearings upon subsequent creditors. On the trial of said issues, the bill of the complainants to be read, not as evidence; the answers, exhibits, and depositions, taken in the cause to be read as evidence, with *219 such other legal testimony as may he adduced by either party — oral, or on commission, which are directed to be reopened for that purpose, for the period of six months; and moreover, as it appears by the report of the clerk, that a part of the mortgaged property is in possession of persons not made parties to the bill, and as the decree of the chancellor authorises and empowers the officer to seize upon and sell the mortgaged slaves wherever they may be found; that all persons in interest, as defendants, disclosed by the report of the clerk, will have leave to come in, file their answers, and assist in the 'defence, in order to prevent circuity of action, and multiplicity of suits, and render the decree conclusive of the rights of all parties in interest.
Judge Black concurred.